IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMITRI CHARALAMBOPOULOS, | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:14-CV-2424-D |
| VS. | § | |
| | § | |
| CAMILLE GRAMMER, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

For the following reasons, the court grants defendant-counterplaintiff Camille Grammer's ("Grammer's") motion to amend/correct her first amended answer and counterclaim, grants Grammer's motion for protective order, grants plaintiff-counterdefendant Dimitri Charalambopoulos' ("Charalambopoulos'") amended motion to amend/correct scheduling order, and grants in part and denies in part Grammer's motion to amend/correct/partially modify scheduling order.[1]  The court enters modified scheduling deadlines *infra* at § III(D).

I

Grammer's July 1, 2015 motion to amend/correct her first amended answer and counterclaim, to which Charalambopoulos has not responded, is granted.  The clerk of court

_____

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

is directed to docket the proposed second amended answer and counterclaim submitted with

Grammer's motion.

## II

Grammer has filed a July 30, 2015 motion for protective order that addresses a single

dispute regarding an otherwise agreed protective order.

## A

Grammer and Charalambopoulos have agreed to all aspects of a proposed protective

order ("Proposed Order") except for ¶ 14, which provides:

> 14.   Return of Confidential Items.  Following final termination
> of this Lawsuit, including exhaustion of all appeals, or after
> dismissal pursuant to a settlement agreement, upon a written
> request of one party to the other party, by and through the
> parties' counsel, the receiving party shall either:
> (a) collect and return all Confidential or Highly Confidential
> Information obtained from the requesting party, or
> (b) destroy all Confidential or Highly Confidential Information
> obtained from the requesting party, and certify in writing to the
> requesting party that it has done so.
> Each party may, however, retain one complete and un-redacted
> set of pleadings and papers filed with the Court or served on the
> other parties.

Proposed Order ¶ 14 (bold font omitted).  Grammer requests that the protective order that the

court enters include ¶ 14.  She contends that the parties cannot agree on this provision

because, although Charalambopoulos' counsel agrees to return or destroy information

marked "Highly Confidential," he does not agree to return or destroy information marked

merely "Confidential," contending that the obligation to return or destroy this type of

information imposes too great a burden.  Charalambopoulos has not responded to Grammer's

motion.

## B

Fed. R. Civ. P. 26(c) provides, in pertinent part: "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"   "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Grammer has demonstrated good cause for entry of a protective order; in fact, Charalambopoulos agrees that a protective order should be entered.  The single disputed issue pertains to the scope of ¶ 14, which governs the "Return of Confidential Items." Grammer contends that she anticipates producing documents and communications that contain personal and sensitive information, including private communications with family and friends, much of which is highly personal in nature; that she is the former spouse of television personality Kelsey Grammer, and is herself an occasional reality television personality, and, as a result, interest in this case, and in its underlying facts, has been the subject of attention in various media; that she is concerned that the fruits of discovery in this matter could also find their way to such media sources, and she hopes to minimize the likelihood of that happening months or years after the litigation is concluded, when it is less

likely that anyone will remember, let alone feel particularly beholden to, a discovery order entered in this matter; and that, contrary to Charalambopoulos' position, the return or destruction of "Confidential" materials does not pose a heavy burden because this is not a document-heavy case, and the majority of produced documents will likely consist of text messages and email communications, produced in electronic files, and it should be a relatively straightforward undertaking for a party to collect and return or destroy this relatively small quantity of electronically-stored materials.

The court concludes that Grammer has demonstrated good cause to include in ¶ 14 of an otherwise agreed protective order the requirement that, not only Highly Confidential Information be collected and returned, or destroyed, but that all Confidential Information be collected and returned, or destroyed.  Because Charalambopoulos has not responded to Grammer's motion, he has not made even a minimal showing that imposing such an obligation will be unduly burdensome.  Accordingly, Grammer's motion for entry of protective order is granted, and the court will today enter a protective order that is substantially in the form that Grammer proposes.[2]

### III

The court now considers together Charalambopoulos' July 10, 2015 amended motion to amend/correct scheduling order and Grammer's July 31, 2015 motion to

---

[2]The court typically includes (and will in this case as well) standard provisions that address nonwaiver of local rules, limits on amending the protective order without court approval, and over-designating filings as confidential.

amend/correct/partially modify scheduling order.

A

Charalambopoulos filed this lawsuit in state court on June 2, 2014. Grammer removed it to this court, and the court entered on August 13, 2014 a scheduling order ("Scheduling Order") that set the following deadlines[3]: March 1, 2015 for designating expert witnesses; May 1, 2015 for designating rebuttal expert witnesses; July 1, 2015 for filing a motion for leave to amend pleadings; August 1, 2015 for completing discovery; and September 1, 2015 for filing motions for summary judgment and motions not otherwise covered. On August 12, 2014, the day before the court issued the Scheduling Order, Grammer filed a motion to dismiss Charalambopoulos' first amended petition pursuant to the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code Ann. § 27.001-27.011 (West 2014). Under § 27.003(c) of the TCPA,[4] all discovery in this case was suspended as of August 12, 2014, when Grammer filed her motion under the TCPA.[5]

On January 29, 2015 the court filed a memorandum opinion and order that partially

---

[3]The court is describing the deadlines using summary terms.

[4]Tex. Civ. Prac. & Rem. Code Ann. § 27.003(c) provides: "[e]xcept as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss."

[5]Grammer also filed an August 12, 2014 motion to stay discovery pursuant to TCPA § 27.003(c), which the court denied in part as moot (because discovery had already been stayed while the motion to dismiss was pending and would remain stayed until the court entered a final decision on the remaining claims covered by the TCPA), and in part because the court was permitting Charalambopoulos to conduct specified and limited discovery under § 27.006(b).

- 5 -

resolved Grammer's pending motion to dismiss under the TCPA. *See Charalambopoulos v. Grammer*, 2015 WL 390664 (N.D. Tex. Jan. 29, 2015) (Fitzwater, J.) ("*Charalambopoulos I*"). In *Charalambopoulos I* the court permitted Charalambopoulos to conduct certain specified and limited discovery, as allowed under TCPA § 27.006(b), but it ruled that discovery would otherwise "remain stayed until the court enter[ed] a final decision on the remaining defamation claims that are covered by the TCPA." *Charalambopoulos I*, 2015 WL 390664, at *27. On May 22, 2015 the court issued a memorandum opinion and order that granted in part and denied in part Grammer's motion to dismiss under the TCPA. *See Charalambopoulos v. Grammer*, 2015 WL 2451182 (N.D. Tex. May 22, 2015) (Fitzwater, J.) ("*Charalambopoulos II*").

On July 10, 2015 Charalambopoulos filed the instant motion to amend the Scheduling Order, seeking to extend each deadline[6] (including deadlines that have already expired) by six months. Grammer opposes Charalambopoulos' motion in part. She contends that although a "modest extension of future deadlines may be necessary," Charalambopoulos' "approach to general discovery since it has commenced" has not justified amending the Scheduling Order in its entirety, including reopening deadlines that have already expired. D. 7/10/15 Br. 1. On July 31, 2015 Grammer filed her own motion to partially modify the scheduling order. She requests that the court extend only the discovery and motion deadlines, and she posits that expired deadlines should not be revived.

---

[6]Charalambopoulos does not seek to extend the January 1, 2015 deadline for moving for leave to join other parties.

B

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See also Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.).   The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).   The court assesses four factors when deciding whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

C

1

The court begins with Charalambopoulos' explanation.   Other than the limited discovery permitted by the court in *Charalambopoulos I*, discovery in this case was stayed as a result of Grammer's TCPA motion to dismiss until May 22, 2015, when the court issued its decision in *Charalambopoulos II*.   Accordingly, as of March 1, 2015 and May 1,

2015—the respective deadlines for designating expert and rebuttal expert witnesses—Charalambopoulos had not been able to conduct any general discovery. He contends that he has been diligent in conducting discovery since the court issued *Charalambopoulos II*, but that, despite this diligence, due to the nine-month stay of discovery in this case, he has not had adequate time to conduct discovery, designate appropriate experts who have had an opportunity to review basic testimony and evidence necessary to prepare reports, and amend pleadings after conducting reasonable discovery.[7]  The court finds that Charalambopoulos has provided an adequate explanation for his failure to comply with these deadlines in the Scheduling Order.

2

Under the second factor, the court considers the importance of the amendment.  The court concludes that extending the deadlines in the Scheduling Order is important because, if the court does not do so, Charalambopoulos will be precluded from designating expert or rebuttal expert witnesses or amending his pleadings, if necessary.

3

The court next considers as the third factor the potential prejudice to Grammer in granting Charalambopoulos' motion.  Grammer contends that she will be prejudiced if the court reopens the expired deadlines because she has already designated her own expert and

---

[7]He also contends that because the designation of expert witnesses is considered discovery under the Federal Rules of Civil Procedure, the stay of discovery in this case precluded him from timely filing his expert designations.

rebuttal expert witnesses, and that Charalambopoulos "now has Grammer's rebuttal expert's report, and with it, essentially a road map of Grammer's strategy on multiple issues." D. 7/10/15 Br. 9. She further contends that she noticed five depositions of third-party fact witnesses, and, had Charalambopoulos been diligently pursuing discovery, it is at least reasonable to conclude that *he* would have noticed at least one or two of these depositions. Grammer posits that her compliance with the Scheduling Order now has the potential of limiting the number of remaining depositions available to her, while Charalambopoulos' approach has the opposite effect of benefiting him, because he has been able to obtain discovery from each of these witnesses without using his allotment of depositions under the Federal Rules of Civil Procedure.

The court disagrees that Grammer will be prejudiced if the court amends the Scheduling Order to reopen the expired deadlines. Grammer has failed to point to any specific information contained in her rebuttal expert report that will provide Charalambopoulos with an unfair advantage in designating his own experts and rebuttal experts. Moreover, if, as a result of Charalambopoulos' expert designations, Grammer wishes to designate additional rebuttal experts or to supplement her rebuttal experts' reports, she will be able to do so. As to her argument regarding the number of allotted depositions under the Federal Rules, Grammer relies on pure speculation that, had he been diligently conducting his own discovery, Charalambopoulos would have noticed at least one or two of the same witnesses Grammer noticed. Moreover, she does not contend that she requires more than the ten depositions allowed under the Federal Rules and will be unable to obtain

necessary depositions as a result of Charalambopoulos' conduct.

## 4

The fourth factor is the availability of a continuance to cure such prejudice.  Although a continuance would not cure the prejudice Grammer describes, because the court concludes that Grammer has not shown that she will be prejudiced by the amendment, and because this case has not yet been set for trial, the court concludes that the fourth factor is neutral.

## 5

Assessing the four factors holistically, the court concludes that Charalambopoulos has established good cause to modify the Scheduling Order.  The court "does not mechanically count the number of factors that favor each side[,][a]nd it remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order."  *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3.  As a result of Grammer's filing her motion to dismiss under the TCPA, general discovery in this case came to a stop until Grammer's motion was fully resolved on May 22, 2015 in *Charalambopoulos II*.  Although the TCPA intends to limit discovery, and Grammer was merely availing herself of a restriction on discovery that the law allows, the discovery time line in this case did not actually begin to run until May 22, 2015.  And because at least some of Charalambopoulos' claims survived Grammer's TCPA motion to dismiss—meaning that these claims were not eliminated at the preliminary motion stage—Charalambopoulos should be able to conduct discovery on these claims of the scope, and on the timetable, that would have applied had

Grammer not moved for TCPA relief.[8]

Accordingly, the court grants Charalambopoulos' motion to amend the Scheduling Order. To the extent that Grammer also seeks to enlarge certain deadlines in the Scheduling Order, the court grants her motion. The court denies Grammer's motion to the extent she requests that the court not reopen expired deadlines.

D

To account for the time that has elapsed between when Charalambopoulos filed the instant motion and when the court is deciding his motion, and to provide the relief that the court is granting in response to his motion, the court modifies the Scheduling Order and imposes the following amended deadlines:

to designate expert witnesses: October 1, 2015;

to designate rebuttal expert witnesses: December 1, 2015;

to file a motion for leave to amend pleadings: January 1, 2016;

to complete discovery and file a joint estimate of trial length and status report: March 1, 2016; and

to file a summary judgment motion and a motion not otherwise covered: April 1, 2016

---

[8]This conclusion is based on the specific circumstances of this case. Although it may apply as well to the facts of another case, the court emphasizes that it is not adopting a *per se* rule that applies in every case in which a dismissal motion is filed under the TCPA.

\*     \*     \*

As set forth in this memorandum opinion and order, the court grants Grammer's July 1, 2015 motion to amend/correct her first amended answer and counterclaim; grants Grammer's July 30, 2015 motion for protective order; grants Charalambopoulos' July 10, 2015 amended motion to amend/correct scheduling order; and grants in part and denies in part Grammer's July 31, 2015 motion to amend/correct/partially modify scheduling order. The court amends the scheduling order as set forth in today's order. By separate order, the court will enter the protective order. The court directs the clerk of court to docket the proposed second amended answer and counterclaim submitted with Grammer's motion.

**SO ORDERED**.

September 3, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE