IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIMITRI CHARALAMBOPOULOS,          §
                                   §
        Plaintiff-counterdefendant,§
                                   §   Civil Action No. 3:14-CV-2424-D
VS.                                §
                                   §
CAMILLE GRAMMER,                   §
                                   §
        Defendant-counterplaintiff.§

MEMORANDUM OPINION
AND ORDER

        Following this court's decision granting in part plaintiff-counterdefendant Dimitri

Charalambopoulos' ("Charalambopoulos'") motion to dismiss defendant-counterplaintiff

Camille Grammer's ("Grammer's") claims under the Texas Citizens Participation Act

("TCPA"), Tex. Civ. Prac. & Rem. Code Ann. § 27.001 et seq. (West 2015), Grammer

moves for an award of attorney's fees and expenses.  For the reasons that follow, the court

awards Grammer $118,999.61 in attorney's fees[1] and $2,308.05 in expenses.

I

        Because this case is the subject of two prior memorandum opinions and orders, *see*

*Charalambopoulos v. Grammer*, 2015 WL 390664 (N.D. Tex. Jan. 29, 2015) (Fitzwater, J.)

("*Charalambopoulos I*"), and *Charalambopoulos v. Grammer*, 2015 WL 2451182 (N.D. Tex.

_____

        [1]Although Grammer states in her motion that she seeks $119,314.96 in attorney's fees,
the declaration of her lead counsel states that she was charged a blended rate of attorney's
fees, and that, using the blended rate, the corresponding attorney's fees are $118,999.61.  The
court awards the amount charged under the blended rate.

May 22, 2015) (Fitzwater, J.) ("*Charalambopoulos II*"), the court will recount only the background facts and procedural history that are necessary to understand today's decision.

Charalambopoulos sued Grammer for defamation, defamation per se, fraud, intentional infliction of emotional distress, malicious prosecution, negligence, and gross negligence based on statements made by Grammer—regarding her allegations that Charalambopoulos stalked and assaulted her—to police and other law enforcement officials, in public pleadings, to the media, and to the general public. *Charalambopoulos I*, 2015 WL 390664, at *1-3. Grammer moved to dismiss Charalambopoulos' claims under the TCPA, arguing that the claims were based on Grammer's right to free speech and right to petition. *Id.* at *3-4.

The court dismissed Charalambopoulos' claims for negligence, gross negligence, fraud, and intentional infliction of emotional distress and allowed the parties to conduct discovery and submit additional briefing regarding whether certain statements that supported Charalambopoulos' claims for defamation and defamation per se met the publication requirement of the TCPA. *Id.* at *6-27. After the parties completed the limited discovery and submitted additional briefing, the court dismissed Charalambopoulos' claims for defamation and defamation per se, except to the extent that the claims were based on particular statements. *Charalambopoulos II*, 2015 WL 2451182, at *5-6.

Following the court's decisions in *Charalambopoulos I* and *Charalambopoulos II*, Grammer filed the instant motion for attorney's fees and expenses. She seeks attorney's fees in the amount of $118,999.61, and expenses in the amount of $2,308.05 under the TCPA,

- 2 -

Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1).  In support, Grammer relies on copies of invoices, professional biographies of attorneys involved, and the declaration of Richard A. Rohan, Esquire ("Rohan"), her lead attorney of record.  Charalambopoulos opposes both the award of attorney's fees and expenses and the method by which Grammer calculates her request.

## II

In a diversity case, state law controls whether attorney's fees are recoverable and what amount is reasonable.  *See, e.g., Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."); *see also Edwards v. Aaron Rents, Inc.*, 482 F.Supp.2d 803, 809-10 (W.D. Tex. 2006) (applying Texas law to determine whether, and in what amount, to award attorney's fees for claims brought under the Texas Commission on Human Rights Act).  Texas law permits an award for attorney's fees only if authorized by statute or contract.  *See, e.g., Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006).

Under the TCPA, "[i]f the court orders dismissal of a legal action under this chapter, the court shall award to the moving party: . . . court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require[.]"  Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a).  The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any

- 3 -

other judicial pleading or filing that requests legal or equitable relief."  *Id.* § 27.001(6).

### III

The court first decides whether Grammer is entitled to recover attorney's fees incurred in connection with her motion to dismiss under the TCPA.

### A

Grammer contends that she is entitled to attorney's fees and expenses incurred in obtaining the dismissal of the dismissed claims under the TCPA.  According to Grammer, an award of attorney's fees is mandatory, not merely discretionary, because she succeeded in securing dismissal of some of Charalambopoulos' claims pursuant to the TCPA.  Grammer maintains that the TCPA mandates the award of attorney's fees even when the successful party does not succeed in obtaining dismissal of every claim.

Charalambopoulos opposes Grammer's motion.  He maintains that an award of attorney's fees under the TCPA is discretionary, not mandatory; that Grammer is not entitled to attorney's fees because she did not succeed in obtaining dismissal of all of his TCPA-based claims, specifically, his claims for malicious prosecution, defamation, and defamation per se; and that Grammer failed to segregate her attorney's fees incurred in seeking dismissal of the dismissed claims from fees incurred in seeking dismissal of the claims that were not dismissed.

### B

When a court dismisses a legal action under the TCPA, "the court shall award . . . court costs, reasonable attorney's fees, and other expenses incurred in defending against the

legal action as justice and equity may require." Tex. Civ. Prac. & Rem. Code Ann. §
27.009(a).  The TCPA defines "legal action" as "a lawsuit, cause of action, petition,
complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests
legal or equitable relief." *Id.* § 27.001(6).  Several Texas courts of appeals have held that the
award of attorney's fees to a successful moving party is mandatory, rather than discretionary,
under the TCPA.  *See, e.g., Avila v. Larrea*, 2015 WL 3866778, at *3 (Tex. App. June 23,
2015, pet. filed) (mem. op.) (reversing denial of successful TCPA movant's request for
attorney's fees and holding that trial court abused its discretion in failing to award any
attorney's fees or expenses, to which the movant was "statutorily entitled") (collecting
cases); *see also Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App. 2014, pet. denied)
(holding that the plain wording of the TCPA mandates an award of attorney's fees to a
successful TCPA movant).  The Supreme Court of Texas has also explained more generally
that "[s]tatutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to'
attorney fees are not discretionary."  *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

    One federal district court has held that a successful TCPA movant is entitled to
attorney's fees—i.e., the *award* of fees is mandatory—but that the court has the discretion
to determine the *amount* that "justice and equity may require, what is reasonable, and what
the Court determines to be a sufficient deterrent" to TCPA violators.  *Williams v. Cordillera
Commc'ns, Inc.*, 2014 WL 6674087, at *2 (S.D. Tex. Nov. 24, 2014) (noting that the TCPA's
treatment of attorney's fees is similar to other statutes and rules aimed at curbing "vexatious
litigation practices").

- 5 -

Despite the language of the TCPA and the decisions to the contrary, one Texas court of appeals has held that attorney's fees are discretionary, not mandatory, under the TCPA. *See Combined Law Enforcement Ass'n of Tex. v. Sheffield*, 2014 WL 411672, at *11 (Tex. App. Jan. 31, 2014, pet. denied) (mem. op.). The *Sheffield* court held that, although the "shall award" language of the TCPA seems mandatory, the use of discretionary terms, "justice," "equity," and "sufficient to deter" make an award of attorney's fees discretionary under the TCPA. *Id.*

Where, as here, the court is exercising diversity jurisdiction, it is *Erie*-bound[2] to apply the law as would a Texas court. *See, e.g., Allstate Ins. Co. v. Shelby*, 672 F. Supp. 956, 958 (N.D. Tex. 1987) (Fitzwater, J.). The Supreme Court of Texas has not yet addressed whether the TCPA mandates an award of attorney's fees. When there is no binding decision of the Supreme Court of Texas on the question, this court must make an "*Erie*-guess," i.e., a prediction of how that court would resolve the issue if presented with the same case. *See, e.g., Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009)). "While decisions of intermediate state appellate courts provide guidance, they are not controlling. If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565-66 (5th Cir. 2005) (citations

_____

[2]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

omitted).

Considering the weight of intermediate Texas court authority that supports the conclusion that a fee award is mandatory under the TCPA, and the Supreme Court of Texas's conclusion in *Bocquet* that the language of certain fee statutes mandates an award of attorney's fees, the court predicts that the Supreme Court of Texas would hold that a fee award is mandatory under the TCPA, and it is within the trial court's discretion to decide what is a reasonable award of fees and expenses, considering what justice and equity may require.

Alternatively, the court concludes in its discretion that, even if a fee award is not mandated by the TCPA, Grammer should be awarded her reasonable attorney's fees and expenses incurred in securing the dismissal of Charalambopoulos' claims. The purpose of the TCPA is "to identify and summarily dispose of lawsuits designed only to chill First Amendment rights." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015). Consonant with this purpose, Grammer should not be forced to shoulder the costs associated with obtaining the dismissal of claims that should never have been asserted against her in the first place. The right to secure early dismissal of lawsuits—or parts of lawsuits—designed only to chill First Amendment rights would be hollow indeed were the successful defendant left to bear the often significant costs of exercising that right.

C

Charalambopoulos contends that Grammer is not entitled to recover any attorney's fees because his claims for malicious prosecution (in whole), defamation (in part), and

defamation per se (in part) survived her motion to dismiss. Grammer responds that the court must award attorney's fees under the TCPA incurred in dismissing Charalambopoulos' "legal action," which is defined to include causes of action and counterclaims under the TCPA, and that several courts have awarded attorney's fees under the TCPA even though the moving party did not obtain relief that disposed of the entire case.

Under the TCPA, the court "shall award" attorney's fees when it orders dismissal of a "legal action"—including a cause of action, cross-claim, or counterclaim. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001(6), 27.009(a). The statute does not condition the award of attorney's fees on the dismissal of all of the nonmovant's claims or all of the claims that are subject to the TCPA. Several courts have awarded attorney's fees incurred in dismissing some, but not all, of the claims at issue. *See, e.g., Rauhauser v. McGibney*, ___ S.W.3d ___, 2014 WL 6996819, at *9 (Tex. App. 2014, no pet.) (reversing denial of motion to dismiss under TCPA except for claims based on unrelated communications, and remanding for determination of attorney's fees); *Sheffield*, 2014 WL 411672, at *12 (affirming in part and reversing in part denial of motion to dismiss under TCPA, and remanding for determination of whether to award attorney's fees and in what amount); *see also New Show Studios LLC v. Needle*, 2015 WL 1296094, at *5-6 (C.D. Cal. Mar. 2015) (discussing attorney's fee award for partially successful anti-SLAPP motion under California law, and awarding fees incurred in connection with stricken claims); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (Cal. Ct. App. 2001) (same).

Charalambopoulos has not cited, nor has the court found, any authority requiring that

- 8 -

a TCPA movant be entirely successful to qualify for an award of attorney's fees.  The TCPA expressly authorizes an award of attorney's fees when the court dismisses a "legal action," which includes a cause of action and a counterclaim. The court holds that Grammer is entitled to recover her reasonable attorney's fees and costs incurred in securing dismissal of the dismissed claims, even though she did not by her motion obtain the dismissal of all of Charalambopoulos' claims.

IV

The court determines next what amount of attorney's fees Grammer should be awarded under the TCPA.

A

Grammer is entitled to recover her reasonable attorney's fees and other expenses incurred in defending against the legal action, as justice and equity may require.  She seeks attorney's fees in the amount of $118,999.61, and expenses in the amount of $2,308.05 incurred in securing dismissal of Charalambopoulos' claims for negligence, gross negligence, fraud, and intentional infliction of emotional distress, and claims based on the statements the court found to be non-defamatory.   In support of her request, Grammer relies on the declaration of Rohan ("Rohan Declaration"), her lead attorney of record.  Rohan is a partner in the law firm of Carrington, Coleman, Sloman & Blumenthal, L.L.P. ("Carrington Coleman").  Rohan represented Grammer along with Thomas Conner, Esquire ("Conner"), an associate attorney with Carrington Coleman, and support staff.  According to Rohan, Grammer was billed a special blended rate of $520 to $530 per hour for Rohan's time, $280

to $295 per hour for Conner's time, and $180-195 for staff time. Rohan opines that these hourly rates are appropriate and reasonable for attorneys in the Northern District of Texas with similar levels of experience working on similar cases.

According to the Rohan Declaration, the attorney's fees and expenses Grammer seeks represent 66.7% of her attorney's fees and expenses incurred in connection with her motion to dismiss Charalambopoulos' claims under the TCPA. The 66.7% factor is based on (1) dividing the number of dismissed claims (four) by the total number of claims (seven), which is approximately 57.1%; and (2) adjusting 57.1% up to 66.7% to reflect that the court found certain statements, such as the statements in Grammer's request for restraining order, not defamatory, and therefore, unable to support Charalambopoulos' remaining claims.

Charalambopoulos complains that Grammer cites no case law in support of the 66.7% factor; that Grammer's billing records rarely specifically mention the dismissed claims and explicitly mention remaining claims or grounds on which the court declined to dismiss the dismissed claims; and that because Grammer failed to provide billing records that segregate fees and expenses related to the dismissed claims specifically, Grammer's calculation of requested fees and expenses is "void of any determination of 'justice' or 'equity.'" P. Resp. at 3.

Grammer replies that the attorney's fees and expenses she seeks are supported by analysis of the relevant factors, including the degree of success obtained; that Rohan explained how Grammer's fees and expenses were apportioned; and that Charalambopoulos does not offer any evidence or argument challenging the Rohan Declaration, or otherwise

- 10 -

contend that the fees Grammer seeks are not reasonable for the work performed.  She posits that the only evidence before the court regarding Grammer's fees is the Rohan Declaration, which is uncontroverted.

## B

The court holds that Grammer's method of segregating its fees is reasonable, particularly since Charalambopoulos does not offer any alternative method or percentage. The court has reviewed the billing records submitted by Grammer and determined that nearly all of the billing entries either reflect work that was necessary for Grammer to pursue her motion to dismiss (such as researching the TCPA, *see, e.g.,* D. App. at 13), regardless of her success in securing dismissal of any particular claim, or work that can be attributed to the dismissed claims (such as Grammer's supplemental briefing on statements that the court ultimately held not to be defamatory, *see, e.g.*, D. App. at 55-58).  Although there are a few entries that include time for work attributable to the pending claims (such as one entry for malicious prosecution, *see e.g.,* D. App. at 20), the court finds that the overall reduction of 33.3% is sufficient to account for these entries.  This method has been used by at least one other court in deciding how to segregate attorney's fees incurred in pursuing a partially-successful anti-SLAPP motion.  *See New Show Studios*, 2015 WL 1296094, at *4-6. The court in *New Show Studios* awarded two-thirds of the amount of the total attorney's fees where the defendants prevailed on six of nine claims.  *Id.*

In this case, Grammer successfully sought dismissal of four of Charalambopoulos' seven claims, including his claims for negligence, gross negligence, fraud, and intentional

- 11 -

infliction of emotional distress, and Grammer also succeeded in obtaining a ruling that certain of her alleged statements were not defamatory, such as all statements made in connection with her request for a domestic violence restraining order. *Charalambopoulos II*, 2015 WL 2451182, at *6. Accordingly, the court holds that Grammer has established that 66.7% of attorney's fees incurred in obtaining dismissal of Charalambopoulos' claims can be attributed to the dismissed claims and non-defamatory statements.

C

The court next decides whether the sum of $118,999.61 in attorney's fees that Grammer seeks is reasonable, just, and equitable, as the TCPA requires. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a); *see also Avila*, 2015 WL 3866778, at *4; *Cruz*, 452 S.W.3d at 524. "Whether the amount of an award of attorney's fees and other expenses incurred in defending against the action is equitable and just is left to the sound discretion of the trial court." *Avila*, 2015 WL 3866778, at *4. Fees should be "no more than what is reasonable but may be less than that in view of pertinent considerations of justice and equity." *Sullivan v. Abraham*, 472 S.W.3d 677, 681 (Tex. App. 2014, pet. granted). "We recognize a trial court's discretion to award attorney's fees and other expenses in an amount less than or equal to the amount of attorney's fees and other expenses determined by the fact finder to be reasonable and necessary." *Avila*, 2015 WL 3866778, at *5.

To determine whether the amount of fees and the hourly rates that Grammer seeks are reasonable, the court considers the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 4275277, at *1-2 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)); *see also, e.g., Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 567 (Tex. App. 2004, no pet.); *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 741-42 (Tex. App. 2000, no pet.).  The eight factors are not elements of proof; instead, they are general guidelines to be considered when determining the reasonableness of a fee.  *See, e.g., Petco Animal Supplies*, 144 S.W.3d at 567; *Acad.*, 21 S.W.3d at 742.  Moreover, it is unnecessary for the record to include evidence on each factor.  *See, e.g., Griffin v. Long*, 2011 WL 5545942, at *5 (Tex. App. Nov. 9, 2011, no pet.) (mem. op.), *reversed on rehearing on other grounds*; *State & Cnty. Mut. Fire Ins. Co. v. Walker*, 228 S.W.3d 404, 408 & n. 8 (Tex. App. 2007, no pet.) (citing cases).

Rohan (Grammer's lead attorney) avers that he has been a licensed attorney in Texas

- 13 -

since 1984, and that he has focused on complex commercial and civil litigation matters. Rohan avers that his hourly billing rate for this case is $530, and Connor's is $295. Rohan states that, together, the attorneys expended 500 hours in seeking dismissal of Charalambopoulos' claims under the TCPA. Rohan opines that the requested fees are reasonable and customary, and, in some cases, less than the fees charged by other attorneys in the Northern District of Texas with similar experience.

Charalambopoulos neither argues or provides any evidence that Grammer's requested fees, hourly rates, or hours expended are unreasonable, nor does he otherwise challenge the Rohan Declaration or argue that the amount Grammer seeks is unjust or inequitable.

"Clear, direct, and uncontroverted evidence of attorney's fees is taken as true as a matter of law." *Petco Animal Supplies*, 144 S.W.3d at 567. Comparing the evidence in this case to other Texas cases, the court holds that the fees Grammer requests are reasonable and supported by the evidence. *See, e.g., Griffin*, 2011 WL 5545942, at *10 (affirming attorney's fees award as supported by evidence, such as that counsel spent over 600 hours on suit, customary fee for locale was $250 to $300 per hour for counsel and $150 per hour for associate counsel, novelty and complexity of case was one reason why parties agreed to bench trial, counsel believed low likelihood of settlement due to past experience with defendant, relationship with counsel began in 1997, counsel was well-known in community and experienced in field at issue); *Walker*, 228 S.W.3d at 408-09 (holding that, although plaintiff's attorney did not bring time records to hearing, evidence was legally sufficient to support fee award because of testimony that attorney had been licensed and practiced in

county for 30 years; the attorney billing rates, including one that was $495, were reasonable and customary within county; the requested fees were incurred on the recoverable claim; and case involved unique circumstance); *Acad.*, 21 S.W.3d at 742 (affirming fee award based on attorney testimony that he had been practicing law for 13 years and was board certified; his firm had expended 1200 hours on the case, which he opined were reasonable and necessary, and that listed the work of attorneys; the billing rate ranged from $100 to $150 per hour, which attorney opined was comparable to other attorneys' rates for similar cases and were reasonable and necessary to prosecute claims).

The court finds that the requested attorney's fees and expenses are reasonable, just, and equitable.

\* \* \*

For the reasons explained, the court grants Grammer's motion for attorney's fees and expenses and awards Grammer the sums of $118,999.61 in attorney's fees and $2,308.05 in expenses. This award is payable within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

March 10, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 15 -