IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMITRI CHARALAMBOPOULOS, | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:14-CV-2424-D |
| VS. | § | |
| | § | |
| CAMILLE GRAMMER, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Dimitri Charalambopoulos ("Charalambopoulos") moves

for relief from the court's March 10, 2016 memorandum opinion and order pursuant to Fed.

R. Civ. P. 60(b), or, in the alternative, for a stay, or, in the alternative, for a severance

pursuant to Fed. R. Civ. P. 21, and/or for certification of judgment pursuant to Fed. R. Civ.

P. 54(b).  Treating the Rule 60(b) motion as a motion to reconsider under Rule 54(b), the

court denies Charalambopoulos' motion and alternative motions.

I

In *Charalambopoulos v. Grammer*, 2016 WL 915739 (N.D. Tex. Mar. 10, 2016)

(Fitzwater, J.) ("*Charalambopoulos IV*"), the court awarded defendant-counterplaintiff

Camille Grammer ("Grammer") $118,999.61 in attorney's fees and $2,308.05 in expenses

under the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code Ann. §

27.001 *et seq.* (West 2015), as mandated (or, alternatively, as permitted in the court's

discretion)[1] by Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a). *Charalambopoulos IV*, 2016 WL 915739, at *3, 7. Charalambopoulos moves for relief from *Charalambopoulos IV*, contending that the court erred in finding that all of Charalambopoulos' claims for negligence, gross negligence, fraud, and intentional infliction of emotional distress ("IIED") were dismissed pursuant to the TCPA; using a formula in calculating that fee award that omitted numerous claims that were not dismissed pursuant to the TCPA; and ordering Charalambopoulos to pay the award of attorney's fees and expenses within 30 days. Grammer opposes the motion.

II

"Because the court's interlocutory . . . decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (citing *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.) (addressing discovery ruling)). The court "possesses the inherent procedural power to reconsider, rescind, or modify an

---

[1]At the time the court decided *Charalambopoulos IV*, the Supreme Court of Texas had not yet ruled on the question whether the TCPA mandates an award of attorney's fees. *Charalambopoulos IV*, 2016 WL 915739, at *3. Accordingly, the court made a prediction under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), that "the Supreme Court of Texas would hold that a fee award is mandatory under the TCPA, and it is within the trial court's discretion to decide what is a reasonable award of fees and expenses, considering what justice and equity may require." *Charalambopoulos IV*, 2016 WL 915739, at *3. On April 15, 2016 the Supreme Court of Texas held that "the TCPA *requires* an award of 'reasonable attorney's fees' to the successful movant," and that the determination of "reasonable" attorney's fees "rests within the court's sound discretion, but that discretion, under the TCPA, does not also specifically include considerations of justice and equity." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (emphasis added).

- 2 -

interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (internal quotation marks omitted). "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

This court has explained that "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012) (Fitzwater, C.J.) (quoting *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater C.J.)). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *Arrieta*, 2009 WL 129731, at * 1). The decision "whether to grant such a motion [for reconsideration] rests within the discretion of the court." *Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 WL 642738, at *1 (N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.) (alteration in original) (quoting *Colli*, 2011 WL 3524403, at *1).

III

Charalambopoulos has failed to demonstrate that he is entitled to relief because, in his motion, he is impermissibly attempting to rely on new grounds to oppose Grammer's motion that he could have presented in response to her motion, but did not.

In Grammer's motion, she sought an award of 66.7% of the attorney's fees and expenses she incurred in connection with the motion to dismiss Charalambopoulos' claims under the TCPA.

> The 66.7% factor [was] based on (1) dividing the number of dismissed claims (four) by the total number of claims (seven), which is approximately 57.1%; and (2) adjusting 57.1% up to 66.7% to reflect that the court found certain statements, such as the statements in Grammer's request for restraining order, not defamatory, and therefore, unable to support Charalambopoulos' remaining claims.

*Charalambopoulos IV*, 2016 WL 915739, at *5. In his response to Grammer's motion, Charalambopoulos "complain[ed] that Grammer cite[d] no case law in support of the 66.7% factor," but he did not "offer any alternative method or percentage." *Id*.[2] Nor did he object

---

[2]In his response, Charalambopoulos argued:

> Grammer is requesting that 66.67% of her attorney's fees associated with her Motion to Dismiss pursuant to the TCPA be paid by Charalambopoulos. Grammer offers no case law to support this percentage. However, Grammer argues that because this Court dismissed four out of six of Charalambopoulos' causes of action Grammer is entitled to 66.67% of her attorney's fees. Grammer's assertions in her motion are not only legally unsupportable, but also factually unsupportable. . . .   Grammer has failed to supply this Court with billing evidence that separates Grammer's attorney's work

to Grammer's contention that she had prevailed on at least four of six causes of action. *See* P. 9/22/15 Br. 4 (describing Charalambopoulos' claims for malicious prosecution and defamation as "the two causes of action that remain active in this case"). The court held that Grammer had established that 66.7% of the attorney's fees she had incurred in obtaining dismissal of Charalambopoulos' claims could be attributed to the dismissed claims and non-defamatory statements. *Charalambopoulos IV*, 2016 WL 915739, at *5.[3]

In his motion for relief, Charalambopoulos argues for the first time that his claims for

---

that relates to the causes of action dismissed by the Court with the causes of action still pending. Failure by Grammer's attorneys to separate the work done explains why Grammer is now attempting to have this Court determine the amount of attorney's fees by a fabricated percentage only supported by the number of causes of action dismissed. Clearly this method is void of any determination of "justice" or "equity[.]"

P. 9/22/15 Br. 3.

[3]The court explained:

In this case, Grammer successfully sought dismissal of four of Charalambopoulos' seven claims, including his claims for negligence, gross negligence, fraud, and intentional infliction of emotional distress, and Grammer also succeeded in obtaining a ruling that certain of her alleged statements were not defamatory, such as all statements made in connection with her request for a domestic violence restraining order. Accordingly, the court holds that Grammer has established that 66.7% of attorney's fees incurred in obtaining dismissal of Charalambopoulos' claims can be attributed to the dismissed claims and non-defamatory statements.

*Charalambopoulos IV*, 2016 WL 915739, at *5 (citation omitted).

negligence, gross negligence, fraud, and IIED were not dismissed in their entirety pursuant to the TCPA; that Grammer published 198,007[4] statements that were not covered by the TCPA, and that, for each of these statements, Charalambopoulos has alleged five causes of action (defamation/defamation *per se*, negligence, gross negligence, fraud, and IIED), resulting in a total of 990,035 claims that were *not* dismissed; that the court only dismissed 15 claims under the TCPA (five causes of action multiplied by the three published statements the court determined were covered by the TCPA); and that using the formula from *Charalambopoulos IV* for calculating attorney's fees, the correct percentage should be .0015% rather than 66.7%. Charalambopoulos could easily have made these arguments in response to Grammer's motion for attorney's fees. He clearly understood that Grammer was asking for attorney's fees to be calculated based on her having prevailed on at least four of six causes of action. Yet he never argued, as he does now, that "Grammer CAN NOT collect fees for [Charalambopoulos'] claims for negligence, gross negligence, and [IIED] for the defamatory statements not covered by the TCPA," P. 5/3/16 Reply 3; that Grammer "CAN NOT be awarded attorney's fees for negligence, gross negligence and [IIED] causes of action for Grammer's conduct in maliciously prosecuting [Charalambopoulos] that this Court also held was outside the TCPA," *id.*; that the court specifically stated that it was dismissing Charalambopoulos' claims for negligence, gross negligence, fraud, and IIED "for other

---

[4]Charalambopoulos appears to have arrived at this figure by counting Grammer's "tweets" to her 198,000 Twitter followers as 198,000 separate defamatory statements. It is unclear what the seven other defamatory statements are.

reasons outside the TCPA," *id.*; or that the court should recalculate Grammer's attorney's fees in accordance with Charalambopoulos' motion for relief.  In fact, the court noted in *Charalambopoulos IV* that, in response to Grammer's motion for attorney's fees, Charalambopoulos failed to offer any alternative method or percentage for calculating Grammer's attorney's fees.  *Charalambopoulos IV*, 2016 WL 915739, at *5.  The court will not now consider arguments that Charalambopoulos previously had available to him but inexplicably failed to assert.  *See, e.g., Reneker*, 2012 WL 3599231, at *1 n.1 (stating that motions for reconsideration are not proper vehicles for advancing theories that could have been presented earlier).

IV

Charalambopoulos also moves for relief from the court's order in *Charalambopoulos IV* that the award of attorney's fees and expenses "is payable within 30 days of the date this memorandum opinion and order is filed."  *Charalambopoulos IV*, 2016 WL 915739, at *7.  He maintains that the 30-day payment deadline irreparably harms him because it forces him to pay Grammer before he can appeal the court's decision dismissing some of his claims and before he can appeal the court's award of attorney's fees and expenses.  Alternatively, he requests a stay of the obligation to pay the fee award until final judgment is entered,[5] or, in the further alternative, that the court sever the dismissed claims and the order in

---

[5]Charalambopoulos contends that a stay will allow the parties to focus resources on final resolution of the case instead of on appealing *Charalambopoulos IV* while the remaining claims are litigated.

*Charalambopoulos IV* from the balance of the lawsuit pursuant to Rule 21, and/or to certify the dismissed claims and the order in *Charalambopoulos IV* for entry of a final, appealable judgment under Rule 54(b).[6]

The court denies Charalambopoulos' motion for relief from the 30-day deadline for payment of the fees and expenses awarded in *Charalambopoulos IV*.  Charalambopoulos has not shown that the court committed a manifest error of law or fact, or that he is relying on newly discovered evidence.  *See, e.g., Reneker*, 2012 WL 3599231, at *1 n.1.  And although he uses the phrase "irreparable harm," he has not demonstrated that he will in any way be harmed, much less irreparably harmed, if he is forced to immediately pay the award of attorney's fees and expenses.  His immediate payment will have no effect on his ability to appeal the decision in *Charalambopoulos IV* once a final judgment is entered in this case.  And if the Fifth Circuit reverses the award, he will be entitled to recoup his payment.  Moreover, to the extent Charalambopoulos is concerned that he will be unable to recover the funds,[7] Grammer has offered to maintain the fee award in an interest-bearing account during the pendency of this litigation.  The court therefore denies Charalambopoulos' motion for relief with respect to the 30-day deadline for payment of the fees and expenses awarded in *Charalambopoulos IV*.  He must now comply with that requirement within 30 days of the

---

[6]Although Charalambopolous appears to move for this alternative relief only under Rules 21 and 54(b), the court assumes that he also intends to move the court to certify its decision in *Charalambopoulos IV* for an interlocutory appeal under 28 U.S.C. § 1292(b).

[7]Notably, Charalambopoulos does not contend that he is.

- 8 -

date this memorandum opinion and order is filed.

V

The court also denies Charalambopoulos' alternative motion for a stay of payment

until the entry of final judgment.

"A district court has discretion to stay proceedings on its docket." *Rodriguez v. Grand*

*Prairie Indep. Sch. Dist.*, 2014 WL 4055364, at *1 (N.D. Tex. Aug. 15, 2014) (Fitzwater,

C.J.) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

> "[T]he power to stay proceedings is incidental to the power
> inherent in every court to control the disposition of the causes on
> its docket with economy of time and effort for itself, for counsel,
> and for litigants." The party seeking a stay "must make out a
> clear case of hardship or inequity in being required to go
> forward, if there is even a fair possibility that the stay for which
> he prays will work damage to some one else." "The
> determination of whether to stay proceedings is best determined
> by weighing the competing interests of the parties and of the
> Court."

*Id.* (alteration in original) (citations omitted) (quoting *Landis*, 299 U.S. at 254-55; *Busk v.*

*Integrity Staffing Solutions, Inc.*, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013)).

Although Charalambopoulos is requesting a stay of an obligation to comply with one aspect

of a court order, not the entire case, the principles that apply to a stay of the case also inform

the more limited stay that Charalambopoulos seeks.

Charalambopoulos has not made out a "clear case of hardship or inequity" in being

required to immediately pay Grammer the attorney's fees and expenses required by the

TCPA. He argues that a stay will allow the parties to focus resources on the final resolution

of this case rather than appealing the order in *Charalambopoulos IV* while remaining causes of action are litigated; that if he succeeds on his remaining claims, the court could apply the award of attorney's fees and expenses from *Charalambopoulos IV* to any final judgment entered by the court; and that "[t]here is no harm to Grammer for enforcement of [*Charalambopoulos IV*] being delayed until final resolution of this case." P. 3/29/16 Br. 7. These conclusory allegations fail to persuade the court that a stay is warranted, particularly considering the purposes for which such awards are made under the TCPA.

VI

Finally, the court denies Charalambopoulos' alternative motion to sever the dismissed claims and award of attorney's fees and costs under Rule 21 and/or to enter a partial final judgment under Rule 54(b).

Rule 21 provides that a "court may . . . sever any claim against a party." As the movant, Charalambopoulos bears the burden in seeking severance under Rule 21. *See Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (Fitzwater, C.J.) (citation omitted). "The trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Courts consider the following factors in determining whether to sever claims under Rule 21:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether

> different witnesses and documentary proof are required for the
> separate claims.

*Paragon Office Servs., LLC*, 2012 WL 4442368, at *1-2 (citations omitted).

Charalambopoulos has failed to offer any argument in support of his motion to sever under

Rule 21.  He is essentially attempting through means of a Rule 21-based severance to obtain

Rule 54(b) relief.  Accordingly, his alternative request under Rule 21 is denied.

    As for Charalambopoulos' request for entry of a final judgment under Rule 54(b), that

Rule provides:

> When an action presents more than one claim for
> relief—whether as a claim, counterclaim, crossclaim, or
> third-party claim—or when multiple parties are involved, the
> court may direct entry of a final judgment as to one or more, but
> fewer than all, claims or parties only if the court expressly
> determines that there is no just reason for delay.

Rule 54(b).  Whether there is "no just reason for delay" is within the court's discretion.  *See*

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  In order to avoid piecemeal

appeals, however, a district court should certify a judgment for appeal under Rule 54(b)

"only when there exists some danger of hardship or injustice through delay which would be

alleviated by immediate appeal; it should not be entered routinely."  *PYCA Indus., Inc. v.*

*Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

Charalambopoulos has not explained what hardship or delay will be avoided by an immediate

appeal, and the court thus exercises its discretion not to enter a final judgment under Rule

54(b).

    Charalambopoulos also asks the court to "certify the dismissed claims and

[*Charalambopoulos IV*] for appeal to the Fifth Circuit."  P. 3/29/16 Br. 7.

> To make the requested certification under 28 U.S.C. § 1292(b), the court must be of the opinion (1) that the order involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Fener v. Belo Corp.*, 2007 WL 4165709, at *4 (N.D. Tex. 2007) (Fitzwater, C.J.).  Section 1292(b) provides for interlocutory appeals only in "exceptional cases."  *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).  District courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied."  *Nieman v. City of Dallas*, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016) (Lynn, J.) (alterations in original) (citations omitted).  Charalambopoulos has failed to show that any of the statutory criteria for interlocutory certification are met in this case.  Accordingly, his alternative motion for certification under § 1292(b) is denied.

*     *     *

Accordingly, Charalambopoulos' March 29, 2016 motion for relief from the court's March 10, 2016 memorandum opinion and order pursuant to Fed. R. Civ. P. 60(b), or, in the

alternative, for a stay, or, in the alternative for a severance pursuant to Fed. R. Civ. P. 21, and/or for certification of judgment pursuant to Fed. R. Civ. P. 54(b) is denied. Charalambopoulos must pay the fee award within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

October 13, 2016.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE